IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

EARL L. BLEVINS, )
 )
　　　　Plaintiff, )
 )
v. ) Case No. CIV-09-394-KEW
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
　　　　Defendant. )

## OPINION AND ORDER

Plaintiff Earl L. Blevins (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 28, 1961 and was 48 years old at the time of the ALJ's decision. Claimant completed his education through the eleventh grade and obtained his GED. Claimant worked in the past as a sandwich maker, store laborer, tractor operator,

and combination tractor operator/laborer. Claimant alleges an inability to work beginning August 1, 2005, due to obesity, breathing problems, diabetes, hypertension, headaches, acid reflux, back pain, knee problems, joint pain, ankle swelling, numbness and tingling of the feet, requiring a cane to walk, problems falling down, and depression.

### Procedural History

On August 22, 2006, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 17, 2009, an administrative hearing was held before ALJ Michael Kirkpatrick in McAlester, Oklahoma. On March 11, 2009, the ALJ issued an unfavorable decision on Claimant's applications. On September 24, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe

impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of light work.

### Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to properly analyze the effects of Claimant's obesity; (2) assessing an RFC which was not supported by substantial evidence; and (3) failing to adequately develop the record.

### Evaluation of Obesity

Claimant contends the ALJ failed to properly evaluate his obesity in combination with other impairments. In his decision, the ALJ found Claimant suffered from the severe impairments of obesity, shortness of breath probably due to chronic obstructive pulmonary disease ("COPD"), hypertension, and diabetes. (Tr. 11).

On September 20, 2005, Claimant was noted to be suffering coarse rales in his lungs, while noting his obesity at 295 pounds. (Tr. 255). On October 4, 2005, Claimant was found to have expiratory wheezes in his right lower lung lobe. He was also found to have "2 pillow orthopnea." (Tr. 254). On February 13, 2006, Claimant had expiratory wheezing in his right lower lung lobe. (Tr. 252). On April 12, 2006, Claimant sought treatment for shortness of breath. He had to sit up in order to breathe at night. Wheezing was noted in both lungs. At that time, Claimant

weighed 316.5 pounds. (Tr. 251). Despite treatment with medication, Claimant maintained he suffered a 2 pillow orthopnea. His weight was noted at 316 pounds. (Tr. 250). On June 5, 2006, his treatment provider noted he had a cough. His weight was 320 pounds. (Tr. 248). In his August 25, 2006 interview with the Social Security Administration, Claimant was found to have a cough. (Tr. 132). On September 8, 2006, Claimant was noted to have basilar rales in his lungs and fair to good air exchange. (Tr. 229).

On November 13, 2006, Claimant underwent a mental health evaluation by Dr. Kathleen Ward. He stated he was depressed because he could not bend over, walk or climb a ladder because of his obesity. Dr. Ward assessed his medical history as heart attack, obesity, and asthma. She concluded at Axis: Depression, NOS; Axis II: No diagnosis; Axis III: Defer. (Tr. 258-59).

On November 13, 2006, Claimant was evaluated by Dr. Ronald Schatzman. Claimant reported he could only walk in approximately ten yard increments because he gets short of breath, which was due to chronic bronchitis. (Tr. 260). Upon examination, Dr. Schatzman found Claimant was wearing his shoes too tight. When he was requested to take off his shoes and socks, Claimant sat on the floor to reach his feet. He became short of breath as he gets on

the floor to remove his shoes and had to take a break before he could take off his second shoe due to shortness of breath. Claimant also carried a pair of pliers to assist him in pulling up his socks. (Tr. 262). In his assessment, Dr. Schatzman found Claimant suffered form hypertension, obesity, diabetes mellitus by history, heart attack by history, bronchitis by history "(probable chronic obstructive pulmonary disease rather than bronchitis)", approximately 100 pound weight gain associated with depression over the prior 6 to 8 months, smoking, and significant risk of amputation of lower extremities with no current skin lesions other than tightness of the skin and calluses on the feet. (Tr. 263).

On February 7, 2007, Dr. Suzanne Roberts evaluated Claimant's medical records. She found that "[m]ost [of Claimant's] limitations due to SOB." (Tr. 276). On June 7, 2007, Claimant was found to have decreased breath sounds bilaterally and mild expiratory wheezing throughout both lung fields. Claimant weighed 304 pounds. (Tr. 348-49). Claimant's BMI ranged from 51 in March of 2008 to 49 in April of 2008 to 50.78 in October of 2008. (Tr. 362, 370, 372).

In his decision, the ALJ discussed the former listing for obesity and the remaining legal responsibility of the ALJ to evaluate Claimant's obesity in combination with other impairments.

7

Without discussing the specifics of Claimant's case, the ALJ generally concluded that he "carefully considered the impact of obesity at every appropriate step of the sequential evaluation process." (Tr. 15). In relation to Claimant's breathing problems, the ALJ determined he "has not experienced severe breathing episodes requiring emergent medical attention." (Tr. 16). The ALJ referenced Claimant's smoking but concluded he had not suffered any emergent difficulty, although he found "claimant may merit a diagnosis of COPD" due to his "long smoking history."

An ALJ is required to consider "any additional and cumulative effects" obesity may have upon other conditions from which a claimant suffers, recognizing that obesity combined with other impairments may increase the severity of the condition. Soc. Sec. R. 02-1p; 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 3.00(I)(combined effect with respiratory impairments). "[O]besity may increase the severity of coexisting or related impairments to the extent that the combination of impairments meets the requirements of a listing. This is especially true of musculoskeletal, respiratory, and cardiovascular impairments." Id.; *see also*, Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir. 1991)(an ALJ "must consider the combined effects of impairments that may not be severe individually, but which in combination may constitute a severe

8

medical disability.")

"Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Each case is evaluated on information in the medical record. Id.

Additionally, the severity of Claimant's obesity has some bearing upon the effect on other impairments. A BMI greater than 40 is indicative of a level III in severity where "[g]enerally, physicians recommend surgery" when obesity reaches this level. Id. Claimant's BMI of between 49 and 51 places him in this severe category. It is clear from the medical evidence that Claimant's obesity exacerbated his respiratory condition - a fact discounted or ignored by the ALJ in this case. The ALJ failed to reference many of the medical findings which support this conclusion. On remand, the ALJ shall consider Claimant's obesity in combination with his respiratory conditions.

### RFC Assessment

Having found the ALJ's consideration of Claimant's combined obesity and respiratory problems to be inadequate, his RFC determination which failed to consider the combined effect of these conditions is also deficient. On remand, the ALJ shall consider these impairments in the formulation of Claimant's RFC.

## Development of the Record

Claimant also contends the ALJ failed to adequately develop the administrative record in this case by failing to obtain evidence from Claimant's counseling treatment at Carl Albert Community Mental Health Center. Claimant referenced that he attended these sessions on a weekly basis. (Tr. 37). Claimant also included this treatment in his disability application. (Tr. 205). Despite these clear references to treatment, the ALJ failed to obtain the records stemming from these weekly sessions. This inclusion of these records may have an effect upon the ALJ's determination that the Medical Source Statement provided by Denise Garrison on February 17, 2009 that her findings of limitations on Claimant were not supported by the medical record and her opinions were "not in the least bit probative." (Tr. 14). Before the ALJ rejects this non-physician counselor's opinions out of hand, he should at least have the counseling records to review and consider.

Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ

10

bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). On remand, the ALJ shall obtain the counseling records from Carl Albert and re-evaluate his consideration of Ms. Garrison's opinions in light of the records.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 24th day of March, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE